■ CHARLES COX et al., Respondents, v MICROSOFT CORPORATION, Respondent, et al., Defendants. LOUIS F. BURKE, P.C., Appellant. [850 NYS2d 103]—

Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.), entered August 31, 2006, which approved as fair, reasonable and adequate the proposed settlement of this class action alleging monopolistic conduct by defendant Microsoft, unanimously affirmed, with costs.

The proposed settlement contains a release by every class member of all claims against Microsoft "relating in any way to any conduct, act or omission which was or could have been alleged in any of The Case [*sic*] and which arise from or relate to the purchase, use and/or acquisition of a license for a Microsoft Operating System and/or Microsoft Application . . . and where the claims . . . relate to" antitrust, deceptive practices, unfair competition, unfair practices, price discrimination, trade regulation, or trade practices, or any other federal, state or common law similar thereto. The release expressly includes claims relating to conduct, acts or omissions that occurred on or before December 31, 2004 and excludes claims relating to conduct, acts or omissions that occurred after that date.

The objector to the proposed settlement contends that the

release is excessively broad because it releases all claims under specified laws but is not limited to the identical factual predicate of this action, and because it extends two years past the date on which Microsoft began operating under significant restrictions of its anticompetitive behavior pursuant to the final judgment in *United States v Microsoft Corp.* (2002 WL 31654530, 2002 US Dist LEXIS 22864 [D DC, Nov. 12, 2002, 98 Civ 1232, Kollar-Kotelly, J.]), thereby effectively immunizing Microsoft from claims arising out of its conduct during that two-year period.

We reject both contentions. It was appropriate to extend the release until December 31, 2004, because the class that was certified by the court consists of those who indirectly acquired licenses for Microsoft operating system or applications software after May 18, 1994, and represents and includes purchasers after December 31, 2002. Claims based on a factual predicate different from the factual predicate of this action are not barred by the release, because the release does not bar claims relating to conduct that was not alleged and could not have been alleged in this action. Concur—Lippman, P.J., Mazzarelli, Friedman and Sweeny, JJ. [*See* 2006 NY Slip Op 30045(U).]